UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA *ex rel.*
TZAC, INC.,

        Plaintiff,

        v.

NORWEGIAN PEOPLE'S AID
a/k/a NORSK FOLKEHJELP,

        Defendant.

---

UNITED STATES OF AMERICA,

        Plaintiff-Intervenor,

        v.

NORWEGIAN PEOPLE'S AID
a/k/a NORSK FOLKEHJELP,

        Defendant.

---

15 Civ. 4892 (GHW)

## STIPULATION AND ORDER OF SETTLEMENT AND RELEASE

WHEREAS, this Stipulation and Order of Settlement and Release ("Relator Settlement Stipulation") is entered into between the United States of America ("United States" or "Government"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York; and the *qui tam* relator in the above-captioned action ("Relator" and together with the United States, "Parties"), by its authorized representatives;

WHEREAS, on or about June 24, 2015, Relator filed a complaint captioned *United States of America ex rel. TZAC, Inc. v. Norwegian People's Aid a/k/a Norsk Folkehjelp*, 15 Civ. 4892 ("Relator Complaint"), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) ("Relator Action").

1

WHEREAS, the United States has filed a Notice of Intervention and a Complaint-In-Intervention ("Federal Complaint") in the Relator Action against defendant Norwegian People's Aid a/k/a Norsk Folkehjelp ("NPA");

WHEREAS, a signed Stipulation and Order of Settlement and Dismissal has been submitted for entry by the Court, settling the civil claims of the Government against NPA for the conduct alleged in the Federal Complaint and the Relator Complaint ("NPA Settlement Agreement");

WHEREAS, pursuant to the NPA Settlement Agreement, NPA has agreed to pay the United States a settlement of $2,025,000, in the manner set forth in the NPA Settlement Agreement ("NPA Settlement Amount");

WHEREAS, Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(1), Relator is entitled to receive a portion of the NPA Settlement Amount ("Relator's Claim"); and

WHEREAS, the Parties hereto mutually desire to reach a full, complete, and final settlement of Relator's Claim against the United States for a portion of the NPA Settlement Amount, pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Settlement Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of the amounts described below, the United States will pay Relator, through its attorney, the amounts set forth below (inclusive of interest), by electronic funds transfer. The obligation of the Government to make any payment described below to Relator is expressly conditioned on, and arises only with, the receipt by the

United States of the corresponding payment by NPA, as set forth in the NPA Settlement Agreement. In the event that the United States does not receive a payment from NPA as required by the NPA Settlement Agreement, the United States shall have no obligation to make a corresponding payment to Relator under this Relator Settlement Stipulation.

    a. Contingent upon NPA's payment to the Government of $1,350,000 as provided in paragraph 3 of the NPA Settlement Agreement, and within a reasonable time following the Government's receipt of the $1,350,000 payment, the Government shall pay to Relator (inclusive of interest) the sum of $243,000.

    b. Contingent upon NPA's payment to the Government of $225,000 as provided in paragraph 3(a) of the NPA Settlement Agreement, and within a reasonable time following the Government's receipt of the $225,000 payment, the Government shall pay to Relator (inclusive of interest) the sum of $40,500.

    c. Contingent upon NPA's payment to the Government of $225,000 as provided in paragraph 3(b) of the NPA Settlement Agreement, and within a reasonable time following the Government's receipt of the $225,000 payment, the Government shall pay to Relator (inclusive of interest) the sum of $40,500.

    d. Contingent upon NPA's payment to the Government of $225,000 as provided in paragraph 3(c) of the NPA Settlement Agreement, and within a reasonable time following the Government's receipt of the $225,000 payment, the Government shall pay to Relator (inclusive of interest) the sum of $40,500.

2. Relator and its heirs, successors, attorneys, agents and assigns shall not object to the NPA Settlement Agreement but agree and confirm that the NPA Settlement Agreement is fair, adequate, and reasonable under all circumstances, and will not challenge the NPA

Settlement Agreement, including but not limited to the NPA Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B), and expressly waive the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B).

3. Conditioned upon Relator's receipt of the amounts identified in paragraph 1 above, Relator and its heirs, successors, attorneys, agents and assigns fully and finally release, waive, and forever discharge the United States and its agencies, officers, agents, employees and servants from any claims arising from the filing of the Relator Complaint or the Relator Action under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of the NPA Settlement Agreement or the Relator Action.

4. This Relator Settlement Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims arising under this Relator Settlement Stipulation.

5. The United States and Relator agree that if the NPA Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), or if the Relator Complaint is not dismissed with prejudice, this Relator Settlement Stipulation is null and void.

6. This Relator Settlement Stipulation, together with all of the obligations and terms hereof, shall inure to the benefit of and shall bind assigns, successors-in-interest, or transferees of the United States or Relator.

7. Each of the signatories to this Relator Settlement Stipulation represents that he or she has the full power and authority to enter into this Relator Settlement Stipulation.

8. This Relator Settlement Stipulation shall become final, binding, and effective only upon entry by the Court.

9. This Relator Settlement Stipulation constitutes the entire agreement of the United States and Relator with respect to the subject matter of this Relator Settlement Stipulation and may not be changed, altered, or modified except by a written agreement signed by the United States and Relator specifically referring to this Relator Settlement Stipulation.

10. This Relator Settlement Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Settlement Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Settlement Stipulation, this Relator Settlement Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. This Relator Settlement Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Agreed to by:

### THE UNITED STATES OF AMERICA

Dated: New York, New York
 March 29, 2018

By: *[signature]*

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

CHRISTOPHER B. HARWOOD
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007

*Attorney for the United States of America*

RELATOR

Dated: March 27, 2018

By: _____
DAVID ABRAMS
305 Broadway, Suite 601
New York, New York 10007

*Attorney for Relator*


SO ORDERED:

_____
HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2018